UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM S. GREGORY,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL, INC., d/b/a TRUSTEE CORPS.; MB DEFAULT OPS SPEC II; RUSHMORE LOAN MANAGEMENT SERVICES, LLC, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 19-cv-55-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the motions to dismiss filed by Defendant Rushmore Loan Management Services, LLC (ECF No. 8) and Defendant JPMorgan Chase Bank, N.A. (ECF No. 9).

**I.  Background**

On January 9, 2019, this case was removed to this Court. (ECF No. 1). The Complaint alleges various state claims in connection with a residential home foreclosure. (Compl., ECF No. 1-2 at 4). On February 15, 2019, Defendant Rushmore Loan Management Services (Rushmore) filed its Motion to Dismiss. (ECF No. 8). On February

15, 2019, Defendant JPMorgan Chase Bank, N.A. (JPMorgan) filed its Motion to Dismiss. (ECF No. 9). On April 9, 2019, Plaintiff William S. Gregory filed his untimely Opposition to JPMorgan's Motion to Dismiss. (ECF No. 13). On April 22, 2019, Plaintiff filed his untimely Opposition to Rushmore's Motion to Dismiss. (ECF No. 16). On April 25, 2019, JPMorgan filed its Reply. (ECF No. 18). On May 17, 2019, Rushmore filed its Reply. (ECF No. 19).

## II. Allegations of the Complaint

On June 30, 2008, Plaintiff borrowed $360,000 to purchase a residential property located at 10042 Holborn Street in Santee, California.[1] The lender was JPMorgan and the trustee on the executed Deed of Trust was Commonwealth Land Title Co. (Compl., ECF No. 1-2 at 17).[2]

Plaintiff failed to make $9,199.48 in mortgage payments. (Ex. C, ECF No. 1-2 at 44). On April 15, 2015, JPMorgan's agent, Clement J. Durkin, filed a declaration stating that he "tried with due diligence but was unable to contact the borrower to discuss borrower's financial situation and to explore options for borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.55. Thirty days or more have elapsed since these

---

[1] Plaintiff incorporated the following documents into the Complaint by reference: (i) the June 30, 2008, Deed of Trust (Ex. A, ECF No. 1-2 at 25); the May 8, 2015, Substitution of Trustee (Ex. B, ECF No. 1-2 at 42); the May 8, 2015, Notice of Default and Election to Sell Under Deed of Trust (Ex. C, ECF No. 1-2 at 44). In addition, under Rule 201, facts appropriate for judicial notice are those "not subject to reasonable dispute in that it is either (1) generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Rushmore's Request for Judicial Notice (ECF No. 8-2) is granted. The Court takes judicial notice of: the August 17, 2015, Notice of Trustee's Sale (ECF No. 8-6 at 2); Assignment of Deed of Trust recorded on May 16, 2016 (ECF No. 8-7 at 2); the October 3, 2017, Assignment of Deed of Trust (ECF No. 8-8 at 2); the October 30, 2017, Notice of Rescission of Notice of Default and Election to Sell Under the Deed of Trust (ECF No. 8-9 at 2); the August 3, 2018, Substitution of Trustee (ECF No. 8-10 at 2); the November 20, 2018, Notice of Default (ECF No. 8-11 at 2).

[2] The Complaint repeats paragraph numbers. To avoid confusion, this Order utilizes the ECF header page numbers.

due diligence efforts were completed." (Ex. C, ECF No. 1-2 at 46). Plaintiff alleges the declaration was fraudulent and Defendants never exercised due diligence in attempting to contact Plaintiff to assess Plaintiff's financial situation before filing the Notice of Default in violation of California Civil Code Section 2923.5. (Compl., ECF No. 1-2 at 12).

On May 8, 2015, JPMorgan substituted Defendant MTC Financial d/b/a Trustee Corps in place of Commonwealth Land Title Co. as the trustee on the Deed of Trust. (Ex. B, ECF No. 1-2 at 42). Plaintiff alleges he was never informed of the substitution in violation of California Civil Code Section 2937. (Compl., ECF No. 1-2 at 9). Also on May 8, 2015, MTC Financial recorded a Notice of Default and Election to Sell Under Deed of Trust. (Ex. C, ECF No. 1-2 at 44).

On August 17, 2015, a Notice of Trustee's Sale was recorded. (ECF No. 8-6 at 2).

On May 16, 2016, JPMorgan assigned its interest as the beneficiary in the Deed of Trust to Specialized Loan Servicing LLC. (ECF No. 8-7 at 2). Plaintiff alleges he was never informed of the substitution in violation of California Civil Code Section 2937. (Compl., ECF No. 1-2 at 9–10).

Rushmore began servicing the loan in June of 2017. Plaintiff alleges he was never informed of the substitution in violation of California Civil Code Section 2937. (Compl., ECF No. 1-2 at 10). Plaintiff alleges that he submitted a loan modification application to Rushmore. *Id.* at 15. Plaintiff alleges that when he contacted Rushmore "to inquire about foreclosure alternatives or the status of the loan modification application, Plaintiff did not speak with the same person, or team of persons, as to the loan modification application's status." *Id.* Plaintiff alleges that he requested a single point of contact from Rushmore "to help with a loan [m]odification after not being able to continue timely mortgage payments. However, Plaintiff was not assigned" a single point of contact pursuant to California Civil Code Section 2923.7. *Id.* Plaintiff alleges that Defendants were "nonresponsive" and did not provide a contact for Plaintiff to speak to regarding loan modification. Plaintiff alleges that when he called Defendants, Plaintiff "never spoke to the same person or some [sic]

group of people. Often, Plaintiff was transferred to multiples lines and forced to leave voice messages." *Id.*

On October 3, 2017, Specialized Loan Servicing LLC transferred the beneficiary interest in the deed of trust to Wilmington Savings Fund Society d/b/a Christiana Trust, as trustee for Premium Mortgage Acquisition Trust. (ECF No. 8-8 at 2).

On October 30, 2017, a Notice of Rescission of Notice of Default and Election to Sell Under the Deed of Trust was filed by MTC Financial. (ECF No. 8-9 at 2).

On August 3, 2018, Clear Recon Corp was substituted as trustee. (ECF No. 8-10 at 2). On November 20, 2018, Clear Recon Corp filed a Notice of Default. (ECF No. 8-11 at 2).

Plaintiff alleges that he "suffered extreme emotional distress" and "did not get the benefit of a modification, and paid penalties and interest on back dues Plaintiff should not have owed but for Defendants' conduct." (Compl., ECF No. 1-2 at 11). Plaintiff brings claims for (1) failure to provide notice to Plaintiff pursuant to California Civil Code Section 2923.5 for the May 8, 2015 Notice of Default; (2) failure to provide a single point of contact pursuant to California Civil Code Section 2923.7; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) negligence; (6) injunctive relief pursuant to California Civil Code Section 2924.12; (7) failure to adhere to provisions pursuant to California Civil Code Section 2937; and (8) violation of California Business and Professions Code Section 17200.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation*

4

*Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

**IV. Discussion**

    **a. California Civil Code Section 2923.5 Claim**

Defendant JPMorgan asserts that Plaintiff "waited more than three years to bring his claims, despite his admitted knowledge that he knew who to talk to (and did so) about his loan." (ECF No. 9-1 at 13). JPMorgan asserts that the longest limitations period applicable to the statutory claims is three years, and by May 2018, Plaintiff's statutory claims against JPMorgan expired under the relevant statutes of limitations. *Id.*

Defendant Rushmore contends that Plaintiff cannot allege a claim against Rushmore based on the 2015 Notice of Default because Rushmore did not become the servicer on the loan until 2017. (ECF No. 8-1 at 11).

Plaintiff does not address JPMorgan's statute of limitations argument.

California Civil Code Section 338(a) establishes a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." Cal. Civ. Code § 338(a). Section 338(a) applies to claims alleged under the California Homeowner's Bill of Rights (HBOR). *See, e.g., Dang v. Residential Credit Sols., Inc.*, 2014 WL 5513753, at *6 (N.D. Cal. Oct. 31, 2014) (finding § 2923.5 claim barred by § 338(a)'s three-year statute of limitations).

In this case, Plaintiff's first cause of action alleges that on May 8, 2015, MTC Financial recorded a Notice of Default and Election to Sell Under Deed of Trust without first satisfying Section 2923.5's due diligence requirements. (ECF No. 1-2 at 11). Plaintiff alleges he was not contacted by Defendants prior to the filing of the May 8, 2015 Notice of Default. (Compl., ECF No. 1-2 at 13). Section 2923.5 is governed by California's three-year statute of limitations. Plaintiff filed the Complaint on November 20, 2018 in state court. On the face of the Complaint, Plaintiff's first cause of action was not brought within three years of the alleged violation. Plaintiff failed to address the statute of limitations in either of Plaintiff's oppositions, and Plaintiff has alleged no facts indicating that Plaintiff is entitled to tolling of the statute of limitations. Taking the facts in the Complaint in the light most favorable to Plaintiff, Plaintiff's first cause of action is time-barred.

### b. California Civil Code Section 2923.7 Claim

Plaintiff brings a claim against all Defendants under California Civil Code Section 2923.7, alleging that Plaintiff was not provided a single point of contact "to help with loan [m]odification after not being able to continue timely mortgage payments." (Compl., ECF No. 1-2 at 15). The Complaint alleges that Plaintiff "requested a Single Point of Contact ("SPOC") from Rushmore" but was not assigned one. *Id.* Plaintiff alleges he was harmed because Plaintiff was deprived of a SPOC who could communicate the modification

6

process to Plaintiff, coordinate all of the paperwork, ensure Plaintiff was considered for all foreclosure alternatives, and had the ability to stop the foreclosure if necessary. *Id.* at 15.

JPMorgan contends that Plaintiff's Section 2923.7 claim is barred by the statute of limitations. (ECF No. 9-1 at 13).

Rushmore contends that all of Plaintiff's claims based on the California Homeowner's Bill of Rights fail, including Plaintiff's Section 2923.7 claim, because Plaintiff has failed to allege material violations of the statute. (ECF No. 8-1 at 9). Rushmore asserts that Plaintiff has failed to allege material violations because "there are no specific factual allegation that would lead to the conclusion that Rushmore's alleged failure to contact Plaintiff prior to recording the Notice of Default or failure to appoint a single point of contact affected Plaintiff's 'loan obligations or the modification process.'" (ECF No. 8-1 at 10).

Plaintiff contends that he has alleged a material violation because "[b]ut for the Defendants' failure to provide an effective single point of contact, or a team to comply with the code, Plaintiff alleges that they would have qualified for a loan modification had the enumerated requirements under Cal. Civ. Code §2923.7 subdivision (b)(1)-(5), Plaintiff would have received a loan modification, written determination, or would have received notice of an appeal period to address any deficiencies in the application." (ECF No. 13 at 8).

To bring a claim under Section 2923.7 for either damages or injunctive relief, Plaintiff must allege a material violation of the statute. Cal. Civ. Code § 2924.12. A violation is material if it affects a borrower's loan obligations or the modification process. *See, e.g.*, *Cornejo v. Ocwen Loan Servicing*, LLC, 2015 WL 9268690, at *7 (E.D. Cal. Dec. 21, 2015); *Richardson v. Wells Fargo Bank, N.A.*, 2016 WL 10078486, at *5 (C.D. Cal. Aug. 11, 2016).

In this case, Plaintiff brings a claim against all Defendants, but the Complaint does not state when the violation allegedly occurred and does not allege wrongdoing by any defendant other than Rushmore. Rushmore began to service the loan in June of 2017. To

7

1 the extent Plaintiff alleges violations that occurred before November 20, 2015, these claims
2 are time-barred.

3 With respect to materiality, Plaintiff contends that he would have qualified for a modification but for the lack of a SPOC. Plaintiff did, however, successfully submit a loan modification application. (Compl., ECF No. 1-2 at 15) ("Plaintiff was eventually able to submit a loan modification but Defendant Rushmore never provided a SPOC."). Plaintiff's assertion that Plaintiff's loan modification application would have been approved had Rushmore provided a SPOC, without any further factual detail, is conclusory. Plaintiff has failed to plausibly allege a material violation under California Civil Code Section 2923.7.

### c. Breach of Contract

Plaintiff's breach of contract claim alleges that all Defendants breached the terms of the Deed of Trust when Defendants failed to provide an "acceleration notice" after Plaintiff began missing payments and Defendants filed a Notice of Default. (Compl., ECF No. 1-2 at 16).

JPMorgan contends "Plaintiff does not (and cannot) allege that Chase did not send the acceleration notice or notice to cure; merely that he allegedly did not receive it." (ECF No. 9-1 at 22). JPMorgan contends that "Plaintiff also does not and cannot allege he performed on the contract when, by his own admission, he failed to make his mortgage payments." *Id.* JPMorgan further contends that "Plaintiff also failed to comply with the pre-litigation notice provision in the DOT before filing this action, which is a bar to any contract claim." *Id.*

Rushmore contends that Plaintiff's complaint is vague as to which notice of default the allegation is referring to. (ECF No. 8-1 at 13). Rushmore asserts that the Complaint fails to state a claim against Rushmore for breach of contract in connection with the 2015 Notice of Default because Rushmore was not the loan servicer in 2015. *Id.* at 13. Rushmore contends that if the allegation refers to the 2018 Notice of Default, Plaintiff has failed to state a claim for breach of contract against Rushmore because Plaintiff's default

on the loan was indisputably in breach of the contract at the time the 2018 Notice of Default was filed. *Id.*

Plaintiff contends that Plaintiff has "pleaded the requisite elements of a breach of contract, and breach of the covenant of good faith and fair dealing, Defendants' Motion to Dismiss to these causes of action should be overruled." (ECF No. 13 at 11). Plaintiff does not address Defendants' contention that Plaintiff's breach of contract claim fails as a matter of law because Plaintiff cannot show that Plaintiff performed under the contract.

To state a claim for breach of contract, a plaintiff must allege: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall Street Net., Ltd. v. N.Y. Times Co.*, 80 Cal. Rptr. 3d 6, 12 (Ct. App. 2008).

In this case, Plaintiff's breach of contract allegations do not specifically refer to the 2015 Notice of Default or the 2018 Notice of Default. If the Complaint refers to the 2015 Notice of Default, Plaintiff has failed to state a claim against Rushmore, because Rushmore did not begin servicing the loan until 2017. If the Complaint refers to the 2018 Notice of Default, the Complaint fails to state a claim against JPMorgan, because JPMorgan assigned away its beneficiary interest in 2016.

Regardless, it is undisputed that Plaintiff failed to make payments before the 2015 Notice of Default was filed. (ECF No. 1-2 at 10). Plaintiff failed to perform under the contract in 2015—before any breach is alleged to have occurred. Plaintiff has failed to state a plausible claim for breach of contract against JPMorgan or Rushmore because Plaintiff has failed to demonstrate his "performance or excuse for nonperformance" under the contract. *See Wall Street Net., Ltd.*, 80 Cal. Rptr. 3d at 12.

### d. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff alleges a claim for breach of the implied covenant of good faith and fair dealing, relying on the same underlying facts and allegations as Plaintiff's breach of contract claim. (ECF No. 1-2 at 17–18).

JPMorgan contends that "[b]ecause Plaintiff has failed to allege that he performed on the contract, that Chase engaged in conduct amounting to a breach, or that any breach caused him damage, the claim for breach of implied covenant should be dismissed with prejudice." (ECF No. 9-1 at 23).

Rushmore contends that "Plaintiff can likewise show no frustration of his reasonable expectations under the contract. He knowingly breached. He sought out and obtained a loan modification review and he was denied. This claim fails as a matter of law." (ECF No. 8-1 at 13).

Plaintiff contends that "Defendants have failed to negate Plaintiff's allegation that they breached their obligations under the Deed of Trust, and their arguments to the contrary demonstrate that they cannot do so. Because Plaintiff has otherwise pleaded the requisite elements of a breach of contract, and breach of the covenant of good faith and fair dealing, Defendants' Motion to Dismiss to these causes of action should be overruled." (ECF No. 13 at 10–11).

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). When an implied covenant of good faith and fair dealing claim "seeks simply to invoke terms to which the parties did agree, it is superfluous." *Id.* at 1112.

In this case, for the reasons previously stated, Plaintiff has failed to plausibly allege that Defendants breached the contract with Plaintiff. Accordingly, Plaintiff has failed to plausibly allege that Defendants unfairly frustrated Plaintiff's ability to receive benefits under a contract that Plaintiff undisputedly failed to perform under. Additionally, Plaintiff's breach of the covenant of good faith and fair dealing claim is superfluous in light of Plaintiff's breach of contract claim because it "seeks simply to invoke terms to which the parties did agree[.]" *See Guz*, 8 P.3d at 1112.

//
//

### e. Negligence

Plaintiff alleges Defendants were negligent in not complying with California Civil Code Sections 2923.5 and 2923.7. (ECF No. 1-2 at 19–20).

JPMorgan contends that "California Code of Civil Procedure section 335.1 applies a two-year limitations period to '[a]n action for . . . injury to . . . an individual caused by the wrongful act or neglect of another.' Because the NOD was recorded in May 2015, any negligence claim against Chase expired in May 2017, more than a year and a half before Plaintiff initiated this action." (ECF No. 9-1 at 14). JPMorgan further contends that Plaintiff's negligence claim fails because JPMorgan did not owe a duty to Plaintiff. *Id.* at 19.

Rushmore asserts that the Complaint is unclear as to whether the negligence allegations refer to the 2015 Notice of Default or the 2018 Notice of Default. Rushmore contends that it was not the servicer when the 2015 Notice of Default was filed, and that if the Complaint refers to the 2018 Notice of Default, Rushmore does not owe a duty of care to Plaintiff because its role in the transaction did not exceed the scope of a traditional money lender. (ECF No. 8-1 at 15). Rushmore also asserts that "Plaintiff's damages allegation are speculations with no factual allegation." *Id.*

Plaintiff contends that "Defendants had a specific duty to notice Plaintiff of Default and how to cure it, yet no such notice was sent to Plaintiff following the missed mortgage payment." (ECF No. 13 at 11). Plaintiff asserts that "[b]ut for the negligence in notifying Plaintiff of Default through a Notice of Default or other consequent writing as required by Deed of Trust, Plaintiff would not have been harmed." *Id.* at 11.

The elements of a negligence claim are: "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of L.A.*, 78 Cal. Rptr. 2d 525 (Ct. App. 1998). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56

(Ct. App. 1991). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* at 57.

The Complaint does not specify whether Plaintiff's allegations refer to alleged deficiencies in connection with the 2015 Notice of Default or the 2018 Notice of Default. To the extent Plaintiff intended to refer to the May 8, 2015 Notice of Default, Plaintiff's claim is barred by California Code of Civil Procedure Section 335.1's two-year statute of limitations. If Plaintiff intended to refer to the 2018 Notice of Default, Plaintiff has failed to state a claim against Defendant JPMorgan, since JPMorgan assigned away its interest in the loan in 2016. With respect to Rushmore, Plaintiff has not alleged that any payments have been made on the loan since before the 2015 Notice of Default. Further, the Complaint states that Plaintiff did successfully submit an application to Rushmore to modify his loan. Plaintiff's contention that "[b]ut for the negligence in notifying Plaintiff of Default through a Notice of Default or other consequent writing as required by Deed of Trust, Plaintiff would not have been harmed" is conclusory. (ECF No. 13 at 11). Plaintiff has failed to plausibly allege that any negligence by Rushmore caused Plaintiff harm.

### f. California Civil Code Section 2924.12 Claim

Plaintiff brings a claim for declaratory relief under California Civil Code Section 2924.12 based on an alleged violation of Section 2923.7. (ECF No. 1-2 at 20).

JPMorgan contends that Plaintiff's "claim fails, as a matter of law, because Section 2924.12 does not create a standalone cause of action; it merely creates a remedy for violation of other enumerated statutes." (ECF No. 9-1 at 21). JPMorgan further asserts that no declaratory relief to prevent JPMorgan from foreclosing on the property is available to Plaintiff since JPMorgan no longer has an interest in Plaintiff's loan. *Id.* at 22.

Rushmore contends that "Section 2924.12 is the remedy provision of HBOR, and cannot be independently breached." (ECF No. 8-1 at 16). Rushmore asserts that Plaintiff's failure to state a claim under Section 2923.7 precludes Plaintiff from any relief under Section 2924.12. *Id.*

Plaintiff contends that the Section 2924.12 action does not fail because "[t]he Complaint establishes each element of every alleged cause of action. Plaintiff has met his burden as to stating each element of his causes of action." (ECF No. 13 at 12).

California Civil Code Section 2924.12(a)(1) provides, "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17." Cal. Civ. Code § 2924.12(a)(1).

As described above, the Complaint failed to plausibly allege a material violation of Section 2923.7. To prevail on a claim for declaratory relief pursuant to Section 2924.12, Plaintiff must establish a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17. *See* Cal. Civ. Code § 2924.12(a)(1). Because Plaintiff failed to allege an underlying Section 2923.7 violation, Plaintiff has not plausibly alleged Plaintiff is entitled to declaratory relief under Section 2924.12. *See, e.g., McCarthy v. Servis One, Inc.*, 2017 WL 1316810, at *7 (N.D. Cal. Apr. 10, 2017) ("I need not address plaintiffs 'claim' for an injunction under Cal. Civ. Code § 2924.12. . . . As plaintiff has failed to state a claim for relief under § 2923.6, she has no right to a remedy under § 2924.12 on the current Complaint.").

### g. California Civil Code Section 2937 Claim

The Complaint alleges that "Defendants failed to notify Plaintiff of any notices of assignment for deed of trust, that the account was delinquent, in default, or that there was a notice of default pending. As such, the loan was assigned to Rushmore without Plaintiff's knowledge." (Compl., ECF No. 1-2 at 21). The Complaint also alleges Defendants failed to notify Plaintiff of the substitution of MTC Financial as trustee on May 8, 2015, the assignment of the Deed of Trust to Specialized on May 16, 2016, and the assignment to Wilmington on October 3, 2017. *Id.* at 9–10.

JPMorgan asserts that Plaintiff has alleged no facts showing that JPMorgan "failed to mail him a servicing transfer notice, only that he does not recall receiving the notice." (ECF No. 9-1 at 18). JPMorgan also contends that Plaintiff alleges no harm suffered as a

result of the Section 2937 violations because Plaintiff "does not allege he made payments at all after December 2014, let alone to any subsequent loan servicer that was not entitled to them." *Id.*

Rushmore asserts that Plaintiff's allegations are factually incorrect because Rushmore is the loan servicer and the loan was never assigned to Rushmore. (ECF No. 8-1 at 16).

Plaintiff contends that "Defendants transferred the loan to multiple different entities, over the course of many years, without any prior notice to Plaintiff. Therefore, the Motion to Dismiss should be denied." (ECF No. 13 at 13).

Section 2937 of the California Civil Code requires a loan servicer to provide written notice before transferring servicing responsibilities to a new mortgage servicer. Cal. Civ. Code § 2937(b). In order to state a claim for a violation of Section 2937, a plaintiff must allege that the harm plaintiff suffered resulted from that statutory violation. *See Paulhus v. Fay Servicing*, LLC, 2014 WL 2453091, at *3 (E.D. Cal. May 30, 2014); *Amaral v. Wachovia Mortg. Corp.*, 2011 WL 1205250, at *3 (E.D. Cal. Mar. 29, 2011) (citing *Faria v. San Jacinto Unified Sch. Dist.*, 59 Cal. Rptr. 2d 72 (Ct. App. 1996)).

As a threshold matter, any claim resulting from the May 8, 2015 trustee substitution is time-barred on the face of the Complaint. With respect to subsequent alleged violations, Plaintiff failed to make payments on his mortgage before the 2015 Notice of Default was filed. Plaintiff has not alleged that he has attempted to make any payments since then. Plaintiff alleges no specific facts demonstrating that he suffered harm as a result of any of the alleged Section 2937 violations, and Plaintiff's allegation that "[a]s a direct and proximate result of this violation, Plaintiff suffered, and continue to suffer, general and special damages in an amount to be determined at trial" is conclusory. (ECF No. 1-2 at 22). Plaintiff has not plausibly alleged a claim under California Civil Code Section 2937.

//
//
//

### h. Unfair Business Practices Claim

Plaintiff brings a claim under California's Unfair Competition Law (UCL), alleging that Defendants' "unfair competition" caused Plaintiff "substantial irreparable harm." (ECF No. 1-2 at 22).

JPMorgan contends that because Plaintiff's other statutory claims fail, Plaintiff's derivative UCL claim must fail as well. (ECF No. 9-1 at 25). JPMorgan also contends that Plaintiff lacks standing to bring a UCL claim because Plaintiff fails to allege either causation or an injury capable of remedy by injunctive relief or restitution. *Id.* at 24. JPMorgan contends that Plaintiff alleges no injury as a result of JPMorgan's actions, and JPMorgan has not received any benefit it was not entitled to keep because "this entire lawsuit appears to arise out of Plaintiff's failure to pay his debt." *Id.*

Rushmore contends that Plaintiff's UCL claim fails because Plaintiff has failed to demonstrate an underlying statutory violation and plaintiff lacks standing to bring a claim against Rushmore because Plaintiff is admittedly in default on his loan. (ECF No. 8-1 at 18).

Plaintiff contends that he "has properly pled causes of action under HBOR against the Defendants to support their UCL claim. Plaintiff has alleged numerous and specific facts regarding the unfair and wrongful conduct of Defendant." (ECF No. 13 at 14).

The UCL prohibits unfair competition, which includes "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999). The UCL also prohibits a broader category of "practice[s] [that] may be deemed unfair even if not specifically proscribed by some other law." *Id.* A UCL claim may only be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877 (Cal. 2011).

| | |
|---|---|
| 1 | In this case, for the reasons previously stated, Plaintiff has failed to state a claim under California Civil Code Sections 2923.5, 2923.7, 2924.12 and 2937. Plaintiff has not alleged any non-statutory violations as a basis for the UCL claim. Consequently, Plaintiff has not stated a claim under the UCL. |

### V. Conclusion

IT IS HEREBY ORDERED that the motions to dismiss filed by Defendant Rushmore Loan Management Services, LLC (ECF No. 8) and Defendant JPMorgan Chase Bank, N.A. (ECF No. 9) are GRANTED. No later than thirty (30) days from the date this Order is filed, Plaintiff may request leave to amend pursuant to Local Civil Rules 7.1 and 15.1(c).

Dated: August 2, 2019

Hon. William Q. Hayes
United States District Court